UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEXTER G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-6074 RAJ <br><br> **ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR AN AWARD OF BENEFITS** |

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony and failing to account for all limitations caused by his eye impairments. Dkt. 9. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 54 years old, has a high school education, and has worked as a medical social worker, case worker, nurse assistant, and medical assistant. Dkt. 7, Admin.

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 1

Transcript (Tr.) 344. Plaintiff alleges disability as of November 1, 2012. Tr. 15. Plaintiff's applications were denied initially, on reconsideration, and by an ALJ decision in 2015. Tr. 15-24. On appeal to this court, based on the parties' stipulation, the ALJ's decision was reversed and the case was remanded for further administrative proceedings. Tr. 648-49. On remand, after conducting a hearing in May 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 554-98, 335-45. The ALJ found Plaintiff had several eye impairments, including dry eye syndrome, eye pain, photophobia, and corneal scarring and abrasion, resulting in visual limitations to his Residual Functional Capacity (RFC). Tr. 338, 339.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.   Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified he rests his eyes frequently throughout the day to preserve his optic nerve function. Tr. 584-86. He has a routine of using medication for dry eyes

every hour and then closing his eyes for 15 to 20 minutes. Tr. 585. The ALJ found Plaintiff's testimony contradicted by medical expert W. Benton Boone, M.D., who testified the medication does not cause blurred vision for up to 15 minutes. Tr. 342, 570. "Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Dr. Boone's testimony does not, however, contradict Plaintiff's testimony. Plaintiff did not testify that the medication causes 15 minutes of blurry vision, but that he maintains his routine in order to rest his eyes and preserve optic nerve function. Plaintiff testified he has recovered some vision in his left eye by not overtaxing his eyes, on his doctor's orders. Tr. 579, 583-85. Plaintiff also testified that, when he is experiencing an exacerbation of dry eyes, it may take 10 to 15 minutes of closing his eyes after putting medication in before the "burning, and scratchy," feeling subsides. Tr. 586. The ALJ noted Dr. Boone testified closing eyes helps with pain and irritation from dry eyes, which supports rather than contradicts Plaintiff's testimony. Tr. 342, 572. Contradiction with the medical record was not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ noted "some improvement" in Plaintiff's dry eye symptoms with treatment. Tr. 341. Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining Social Security eligibility. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, the evidence here does not show improvement rising to the level of

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 3

effective control of Plaintiff's impairments. A May 2014 treatment note reported "slightly improved symptoms from dry eye treatment" and prescribed resting his eyes as needed "as it improves his symptoms." Tr. 278. Topical anesthetic reduced eye pain and photophobia. Tr. 281. In May 2014 Plaintiff reported "some improvement using [artificial tears] hourly." Tr. 288. None of this shows Plaintiff's symptoms improved to the point where he can work or otherwise contradicts Plaintiff's testimony. Improvement with treatment was not a clear and convincing reason to discount Plaintiff's testimony.

The ALJ discounted claims of poor vision because Plaintiff did not "follow up" on obtaining glasses or contact lenses. Tr. 341-42. There is no evidence, however, that glasses or contact lenses would mitigate Plaintiff's need to close his eyes regularly. Failure to pursue glasses or contact lenses was not a clear and convincing reason to discount Plaintiff's testimony.

Based on Dr. Boone's testimony that contact lenses were inappropriate for a patient with dry eyes, the ALJ found Plaintiff must not have reported to his doctors the "level of dry eye that [he] alleged at the hearings." Tr. 342. The ALJ's finding is not supported by substantial evidence. Treatment records show Plaintiff reported dry eyes and his doctors assessed dry eye syndrome. Tr. 327, 330. Dr. Boone testified "usually people who have dry eyes are not going to be successful in using hard contacts." Tr. 573-74. He did not testify that some specific level of dry eye is required before contacts are contraindicated. The ALJ's reasoning also suffers from a failure to distinguish between hard and soft contact lenses. Plaintiff's provider scheduled a "contact lens" appointment

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 4

"if [patient is] interested" but did not specify hard contacts.  Tr. 287.  Dr. Boone's testimony did not provide a clear and convincing reason to discount Plaintiff's testimony.

The ALJ discounted Plaintiff's testimony because he worked "prior to the alleged onset date … despite … corneal damage to the left eye … in 1991 and … a corneal transplant to the right eye in 2006."  Tr. 341.  Impairments are not disabling if they have "remained constant for a number of years and … not prevented [a claimant] from working over that time."  *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988).  Here, however, the ALJ found since the alleged onset date Plaintiff had several severe impairments in addition to the corneal damage, including dry eye syndrome, eye pain, photophobia, glaucoma, drusen, and keratoconus.  Tr. 338.  Because Plaintiff's impairments have not remained constant, his ability to work before the alleged onset date was not a clear and convincing reason to discount his testimony.

The ALJ found Plaintiff's testimony inconsistent with his activities.  Tr. 342-43.  An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  "Only if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility."  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998).  The ALJ cited taking a bus from Louisiana to Washington, using a microwave, listening to the radio, talking on the phone, using a touch screen phone, taking out the trash, shopping in a familiar store, taking a city bus, and walking for exercise in the morning before it gets

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 5

too bright. Tr. 342-43.  Neither the ALJ nor the Commissioner has explained how these activities are inconsistent with closing his eyes 15 minutes per hour.  The Commissioner argues the activities are inconsistent with Plaintiff's claimed "difficulty using his eyes for more than 15 minutes." Dkt. 10 at 6 (citing Tr. 579).  However, it was only during vision tests, which require maximum visual effort, that Plaintiff testified "after ten, 15 minutes of going through those tests, [visual acuity] starts to get worse and worse." Tr. 579.  In normal day-to-day activity, after using his hourly medication and closing his eyes for 15 minutes, Plaintiff testified "over the next 45 minutes [he] could do what [he] needed to do." Tr. 585.  Conflict with activities was not a clear and convincing reason to discount Plaintiff's testimony.

The only remaining reason for discounting Plaintiff's testimony is lack of supporting objective medical evidence, which the Commissioner concedes is not sufficient.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The Court concludes the ALJ erred by discounting Plaintiff's testimony.

**B.      Scope of Remand**

Plaintiff requests the Court remand for an award of benefits or, in the alternative, for further administrative proceedings.  Dkt. 9 at 12-14.  Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 6

provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly discredited evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

First, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony. Second, the Commissioner has identified no outstanding issues to resolve. No evidence contradicts Plaintiff's testimony that he must use medication and rest his eyes, and in fact his treatment records support his testimony. Third, vocational expert testimony establishes the requirement to close his eyes 15 minutes per hour would preclude all competitive employment. Tr. 595. Accordingly, the ALJ would be required to find Plaintiff disabled on remand. Finally, even where all three requirements are met, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 7

the Social Security Act." *Garrison*, 759 F.3d at 1021. The Court concludes that the record does not create any such doubt. Accordingly, the Court remands for an award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an award of benefits under sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of June, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING THE
COMMISSIONER'S DECISION AND
REMANDING FOR AN AWARD OF
BENEFITS - 8